SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------x

**ELSBETH SOFIA**,                                    E-filed via NYSCEF on: March 15, 2022

                Plaintiff,

                                                              Index No. 57744/2022

        -against-

                                                            **SUMMONS**

**WAL-MART STORES EAST, LP**,                     Plaintiff's Address:
                                                            1847 Crompond Road
                                                            Apt 408
                Defendant.                    Peekskill, NY 10566
-------------------------------------------------------------------x

**TO THE ABOVE-NAMED DEFENDANT**:

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service [or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York]; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

       Plaintiff designates **WESTCHESTER COUNTY** as the place of trial.

       The basis of venue is the residence of the **PLAINTIFF.**

                                       **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

       The foregoing paper is certified by the undersigned pursuant to Rule 130-1.1 of the Rules of the Chief Administrator.

Dated:       Peekskill, New York
                March 12, 2022

                                                        _____
                                                          ADAM L. BIRBROWER
                                                          BIRBROWER LAW FIRM
                                                          Attorneys for Plaintiff
                                                          P.O. Box 631
                                                          Peekskill, New York 10566
                                                          (914) 737-1020
                                                          adamb@birbrowerlaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------x

**ELSBETH SOFIA**,

                          Plaintiff,        **COMPLAINT**

    -against-                            Index #:57744/2022

**WAL-MART STORES EAST, LP**.

                          Defendant.
------------------------------------------------------------------x

       Plaintiff **ELSBETH SOFIA**, by her attorneys, BIRBROWER LAW FIRM, as and for her Verified Complaint against the defendant **WAL-MART STORES EAST, LP**, respectfully sets forth and alleges as follows:

       1.      At all times hereinafter mentioned the plaintiff **ELSBETH SOFIA**, was a resident of the County of Westchester and State of New York.

       2.      At all times hereinafter mentioned the defendant **WAL-MART STORES EAST, LP** was and still is a Foreign Limited Partnership authorized to conduct business in the State of New York (hereinafter referred to as **WAL-MART**).

       3.      Upon information and belief, and at all times hereinafter mentioned, defendant **WAL-MART** leased and/or subleased a certain premises located at 3133 East Main Street, Mohegan Lake, County of Westchester, State of New York.

1

4.  That on November 12, 2021, and at all times hereinafter mentioned, defendant **WAL-MART STORES EAST, LP** was the owner of a retail store at 3133 East Main Street, Mohegan Lake, New York referred to as Wal-Mart Store #2531.

5.  At all times hereinafter mentioned the defendant **WAL-MART** maintained the aforementioned retail store.

6.  At all times hereinafter mentioned the defendant **WAL-MART STORES EAST, LP** was the operator of said store.

7.  At all times hereinafter mentioned, it was the duty of the defendant through its agents and employees to keep and maintain said store in reasonably safe condition for the protection of all persons whose presence was reasonably foreseeable.

8.  That on November 12, 2021, at approximately 10:30 a.m. plaintiff **ELSBETH SOFIA,** was lawfully entering said Wal-Mart store when she was caused to slip and fall due to the carelessness, recklessness, and negligence of the defendant **WAL-MART**.

9.  That **WAL-MART** and its employees were negligent and careless in:

    Failing to place a mats or other floor covering near the doors or in the foyer/lobby.

2

Creating and/or maintaining a defective and dangerous condition.

Allowing water to remain on the floor for an unreasonable period of time.

Failing to properly clear the floor at the incident location and surrounding area.

Failing to properly maintain and inspect the floor at the incident location and surrounding area.

Causing and allowing the floor to become and remain in a wet and slippery condition.

Failing to post warnings at the location.

Failing to take proper and adequate measures to avoid and/or prevent the occurrence.

Failing to take proper measures to ensure the floor was free from water.

All of which defendant **WAL-MART STORES EAST, LP**, had actual notice, and constructive notice.

10. As a proximate result of the aforesaid negligence, the plaintiff **ELSBETH SOFIA** sustained significant injuries.

11. The aforesaid occurrence and resulting injuries to the plaintiff **ELSBETH SOFIA** were caused solely by the carelessness and negligence of the defendant **WAL-MART** and its employees in their operation, management, and control of said store.

3

12. By reason of the aforesaid occurrence, the plaintiff **ELSBETH SOFIA,** sustained significant injuries, all to her damage in a sum which exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction.

WHEREFORE, plaintiff **ELSBETH SOFIA,** demands judgment against the defendant **WAL-MART STORES EAST, LP** in a sum which exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction, together with the costs and disbursements of this action.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The foregoing paper is certified by the undersigned pursuant to Rule 130-1.1 of the Rules of the Chief Administrator.

Dated:   Cortlandt Manor, New York
         March 12, 2022

_____
ADAM L. BIRBROWER
BIRBROWER LAW FIRM
Attorneys for Plaintiff
P.O. Box 631
Peekskill, New York 10566
(914) 737-1020
Fax: (914) 737-5311
Email: adamb@birbrowerlaw.com

## VERIFICATION

STATE OF NEW YORK          )
                           )  ss:
COUNTY OF WESTCHESTER      )

**ELSBETH SOFIA**, being sworn says:

I am the plaintiff in the action herein; I have read the annexed **COMPLAINT** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
**ELSBETH SOFIA**

Sworn to before me this
12th day of March, 2022.

_____
Notary Public

ADAM L. BIRBROWER
Notary Public, State of New York
No. 02BI6060700
Qualified in Westchester County
Commission Expires July 2, 2023

WM 22-244 TO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------------------------X

ELSBETH SOFIA,

        Plaintiff,

  -against-

WAL-MART STORES EAST, LP,

        Defendant.

-----------------------------------------------------------------X

Index No.: 57744/2022

**VERIFIED ANSWER**

The defendant, WAL-MART STORES EAST, LP, by its attorneys, BRODY O'CONNOR & O'CONNOR, answering the Verified Complaint herein states upon information and belief:

1: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1" and each and every part thereof.

2: The allegations contained in paragraph marked "2" are admitted.

3: Defendant denies the allegations set forth in paragraph marked "3", except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the subject Walmart store.

4: Defendant denies the allegations set forth in paragraph marked "4", except admits that WAL-MART STORES EAST, LP is the operator of the subject Walmart store.

5: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "5" and refers all questions of law to the trial court.

6: Defendant denies the allegations set forth in paragraph marked "6", except admits that WAL-MART STORES EAST, LP is the operator of the subject Walmart store.

7: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "7" and each and every part thereof.

8: Defendant denies the allegations set forth in paragraphs marked "8", "9", "10" and "11" and each and every part thereof.

9: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "12" and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages was caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12: Plaintiff's recovery, if any shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP, requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
       March 22, 2022

                Yours, etc.

                BRODY O'CONNOR & O'CONNOR
                Attorneys for Defendant

      By:    s/
              PATRICIA A. O'CONNOR
              7 Bayview Avenue
              Northport, New York  11768
              (631) 261-7778
              File No.: WM 22-244 TO

TO:    BIRBROWER LAW FIRM
        Attorneys for Plaintiff
        P.O. Box 631
        Peekskill, New York 10566
        (914) 737-1020

## **AFFIRMATION BY ATTORNEY**

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
      March 22, 2022

                                               s/
                                    PATRICIA A. O'CONNOR